UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARKWHAN KITCHER-TUCKER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>Defendants. | Case No. 21-cv-09500-EMC (LJC)<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 80 |

## I.   INTRODUCTION

Judge Chen referred discovery matters in this case to the undersigned magistrate judge. ECF Nos. 76, 77. This Court denied much of the relief requested in a previous Joint Discovery Letter for failure to meet and confer in person, and ordered the parties to do so no later than April 2, 2024 before filing any further letter raising the same issues. ECF No. 79. The parties have now filed a further letter raising the same issues, again without meeting in person as required. ECF No. 80. As discussed below, the Court ORDERS limited production of documents no later than April 12, 2024, and orders lead trial counsel to meet and confer in person no later than May 1, 2024.

## II.   BACKGROUND

Before this case was referred to the undersigned magistrate judge for discovery matters, the parties filed a Joint Discovery Letter (ECF No. 75) without complying with Judge Chen's then-controlling standing order requiring them to meet and confer in person before doing so. That letter indicated that Defendants had agreed to produce at least some of the documents Plaintiffs sought, but Defendants had not actually produced such documents before the parties determined that no broader agreement could be reached and presented their dispute to the Court. The parties talked past each other in other aspects of their arguments as well. For example, Defendants objected to

producing personnel files because they might include "financial information, [and] personal identifying information like social security and address information," ECF No. 75 at 4, even though Plaintiffs agreed that Defendants could redact such information, *id.* at 3. This is a case where compliance with Judge Chen's in-person conference requirement likely could have narrowed the parties' disputes, or at least allowed them to present any remaining points of disagreement more cogently to the Court.

After Judge Chen referred the matter to the undersigned, this Court on March 12, 2024 required Defendants to produce the categories of documents that Defendants had agreed to produce, denied Plaintiffs' remaining requests for production without prejudice for failure to meet and confer as required by Judge Chen's standing order, and ordered "lead trial counsel for both parties [to] meet and confer *in person* no later than April 2, 2024 before filing another joint discovery letter regarding these issues." ECF No. 79 at 3. The documents that Defendants agreed to produce (and which the Court ordered them to produce) were "Case Summary Reports . . . with other law enforcement personnel's names redacted", "potions [sic] of Deputy Pagsolingan and Deputy Seltenrich's personnel files related to their past employment", and "admissions of any criminal conviction history, previous civil claims against them, and any previous employment disciplinary action". ECF No. 79 at 2; ECF No. 75 at 3–5.

Defendants produced redacted case summary reports to Plaintiffs on March 19, 2024. ECF No. 80 at 2. Plaintiffs' counsel emailed defense counsel that day asking whether Defendants would produce any hiring records, and defense counsel responded that Defendants had nothing more to produced because "the personnel/hiring files for Deputy Pagsolingan and Deputy Seltenrich do not contain any materials related to 'admissions of criminal conviction history, previous civil claims against the defendant deputies and/or previous employment disciplinary action.'" *Id.* Plaintiffs' counsel emailed defense counsel again on March 25, 2024 specifying documents that Plaintiffs believed should be produced, but defense counsel did not respond. *Id.* On March 27, 2024, Plaintiffs' counsel emailed defense counsel to request an in-person meeting in accordance with this Court's previous Order, and defense counsel responded that he was unavailable until April 23, 2024 due to a trial in another case. *Id.* at 2–3.

### III. ARGUMENTS

The parties filed their present Joint Discovery Letter on April 1, 2024. *See generally id.* Plaintiffs argue that because defense counsel is unavailable, and because the parties have previously conferred by email and (apparently before filing their *previous* letter) by telephone, meeting and conferring as previously ordered "would most likely be futile and simply increase expenses on both sides." *Id.* at 3. Plaintiffs ask the Court to order Defendants to produce: (1) "POST Form 2-251 hiring application (Personal History Statement – which includes admissions of any criminal history, previous civil claims against them, and any previous employment disciplinary action)"; (2) "Witness/Reference questionnaires and interviews"; and (3) "Performance evaluations from seven years prior to the incident to the present". *Id.*

Defendants argue that they complied with the Court's previous order by only producing the case summary reports because "[t]here are no documents containing admissions any criminal history, previous civil claims against them, and any previous employment disciplinary action." *Id.* Defendants contend that the Court should consider Plaintiffs' request for any further production until after the parties have met and conferred, sometime after defense counsel's other trial concludes. *Id.* at 3–4.

### IV. ANALYSIS

Both parties failed to comply with this Court's previous Order to meet and confer in person no later than April 2, 2024. Neither party made a serious effort to do so, with Plaintiffs waiting until less than a week beforehand to request defense counsel's availability, and defense counsel waiting until that request to inform Plaintiffs that he was unavailable for nearly a month.

Defendants have also failed to comply with the previously agreed and ordered scope of production regarding hiring documents. Defendants had agreed to produce not only documents concerning the two deputies' criminal, civil, and disciplinary history, but also documents "related to their past employment". ECF No. 75 at 4. In context, that agreement was distinct from the agreement to produce the deputies' legal and disciplinary history, not merely descriptive of such documents:

> Regardless, Defendants agree to produce po[r]tions of Deputy Pagsolingan and Deputy Seltenrich's personnel files related to their

3

> past employment for Plaintiff to ascertain whether they were hired despite a history of neglecting their job duties. Defendants *also* agree to produce admissions of any criminal conviction history, previous civil claims against them, and any previous employment disciplinary action.

*Id.* (emphasis added).

To give effect to that prior agreement and the prior Order endorsing it, and because the Court finds that Plaintiffs' request for the Defendant Deputies' employment applications is relevant and proportional to Plaintiffs' negligent hiring claim, the Court ORDERS Defendants to produce the POST Form 2-251 personal history statements from Deputies Pagsolingan and Seltenrich's employment applications, no later than April 12, 2024. Defendants may redact "'financial information, personal identifying information like social security and address information,'" *see* ECF No. 79 at 2, and the names of the Defendant Deputies' housemates and relatives. Permission for such redaction is granted without prejudice to any argument Plaintiffs might later raise as to why any portion of the redacted information is relevant to the case and should be produced.

Notwithstanding Plaintiffs' counsel's assertion that further discussions would be futile, it remains clear to the Court that the parties in this case would benefit from more substantial efforts to resolve their discovery disputes before seeking relief. Plaintiffs' remaining requests for relief are DENIED WITHOUT PREJUDICE for failure to meet and confer as required. Lead trial counsel for both parties are ORDERED to meet and confer in person no later than May 1, 2024 regarding these issues. If the parties continue to fail to meet and confer as required, the Court will impose a requirement that they meet and confer in person at the courthouse where the Undersigned sits.

If unavoidable scheduling conflicts prevent counsel from complying with this Order, or if the parties fully resolve their disputes through other means such that an in-person conference is no longer necessary, either or both parties must file an administrative motion or stipulated request to extend or vacate that deadline no later than April 25, 2024.

## V. CONCLUSION

Defendants are ORDERED to produce redacted POST Form 2-251 personal history

1 statements no later than April 12, 2024.  Plaintiffs' remaining requests are DENIED WITHOUT
2 PREJUDICE.  Lead counsel for both parties are ORDERED to meet and confer in person no later
3 than May 1, 2024.

**IT IS SO ORDERED.**

Dated: April 2, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge

5